## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6800 | **DATE** | March 6, 2008 |
| **CASE TITLE** | Tyrone Owens (#2007-0076179) vs. Sheriff Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The amended complaint [#19] is stricken. The plaintiff must file a separate lawsuit regarding the alleged denial of medical care. The plaintiff's motions for a court order to use the law library [#20] and for a preliminary injunction re: court access [#21] are denied. However, the court requests that correctional officials grant the plaintiff reasonable access to the jail's law library. The Clerk is directed to mail a copy of this order to the Warden of the Cook County Jail. The Clerk is additionally directed to mail the plaintiff a copy of the court's docket in this case to date. The plaintiff's motion for appointment of counsel [#22] is denied.

■ [**For further details see text below.**]      Docketing to mail notices.

### STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Cook County Sheriff and the Director of the Cook County Jail, have violated the plaintiff's constitutional rights by: (1) subjecting him to inhumane and unduly restrictive conditions of confinement and (2) retaliating against him for his grievances. This cause is before the court for consideration of pending motions and pleadings.

    The plaintiff's proposed amended complaint is stricken on preliminary review pursuant to 28 U.S.C. § 1915A. The plaintiff's claim that he has been denied proper medical care is insufficiently related to his original causes of action to be properly joined. The plaintiff's new claims against new defendants does not involve a nucleus of facts in common with the plaintiff's core claims against the defendants in the original complaint. The plaintiff must file a separate action against health care providers in connection with his medical care. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

    The plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936

**(CONTINUED)**

mjm

**STATEMENT (continued)**

(7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff is a highly experienced litigator, having filed eight lawsuits in this court alone; he appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied.

The plaintiff's motions a for a preliminary inunction and for a court order regarding use of the law library are denied. The prerequisites to the granting of a preliminary injunction are well established. "To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007), *quoting FoodComm Int'l. v. Berry*, 328 F.3d 300, 303 (7th Cir. 2003). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Woods*, 496 F.3d at 622, *citing Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). A preliminary injunction is an "extraordinary remedy" intended to minimize the hardship to the parties and to preserve the *status quo* pending a more considered decision of the merits when possible. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

Here, the plaintiff has not met his burden. The plaintiff's two main claims in this case concern alleged retaliation and unconstitutional conditions of confinement. Denial of access to the courts is not a focus of this lawsuit. In any event, the fact that the plaintiff has been able to prepare and file multiple lawsuits, as well as multiple motions and pleadings in this case, belies any inference of denial of court access. *See, e.g., Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1998): "ability to litigate a denial of access claim is evidence that the plaintiff has no denial of access claim." The court is not satisfied that emergency relief is warranted.

**(CONTINUED)**

**STATEMENT (continued)**

    The plaintiff's motion for court-ordered access to the jail law library is likewise denied. Inmates' right of meaningful access to the courts does not encompass an unfettered right of access to prison law libraries. *See, e.g., Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). That right is limited to access to a law library sufficient to enable a plaintiff to research the law to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through initial stages of lawsuit. *Id.* at 322; *see also Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995). The court is reluctant to interfere with the day-to-day operation of the jail and the manner in which law library requests are managed. Because the plaintiff is *pro se* and incarcerated, the court will not hold his briefs and motions to the standards required of an attorney. Accordingly, his motion for court-ordered access is denied.

    The court nevertheless certifies that the above-captioned civil rights action is pending and requests that correctional officials grant the plaintiff reasonable access to the jail's law library during the pendency of this case. Correctional officials may determine the manner that best accommodates the plaintiff's needs, balanced by penological considerations of safety, security, and orderly administration.