UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE OWENS, 2007-0076179 | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6800 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | James F. Holderman |
| SHERIFF TOM DART, and DIRECTOR | ) | |
| JOHN DOE | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Now comes Defendant Sheriff TOM DART, through his attorney, Richard A. Devine, State's Attorney of Cook County, by his assistant Jamie M. Sheehan, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, moves this Honorable Court to dismiss the Plaintiff's Complaint for failure to comply with Local Rule 81.1 and 28 U.S.C. 1915(g). In support thereof, defendant states as follows:

### INTRODUCTION

Plaintiff brought his complaint *pro se* pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleges that the defendants violated his constitutional rights while he was incarcerated at the Cook County Department of Corrections (CCDOC), as a pretrial detainee. Specifically, the plaintiff alleges he had been denied use of the telephone, that the available drinking water is not potable, and that he is made to spend too much time in his cell. As a result, the plaintiff alleges he sustained injuries and seeks damages pursuant to 42 U.S.C. §1983.

## THE 'THREE STRIKES' RULE

The "three strikes" provision precludes inmates from bringing suits *in forma pauperis* after they have had three or more cases dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. 1915(g) (Supp. IV 1998)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. 1915(g)

## PRISONER CIVIL RIGHTS ACTIONS

Rule 81.1 of the United States District Court for the Northern District of Illinois requires that actions brought by prisoners under section 1983 shall be in writing, signed and certified. The form complaint required under Rule 81.1 requires "in custody" litigants to answer questions about previous actions they have filed in state and federal court. Complaint page 5. Though asked to list "ALL lawsuits you have filed in any state or federal court", Plaintiff listed only one, filed in 2000. At the bottom of page 5 the form complaint states "if you have filed more than one lawsuit, then you must describe the additional lawsuits on another piece of paper, using this same format. Regardless of how many cases you have previously filed, you will not be excused from filling out this section completely, and failure to do so may result in dismissal of your case." Despite this warning, Plaintiff attested to the fact that he had only one filed on previous federal lawsuit. In reality, plaintiff has filed six (6) other federal lawsuits previous to the current action.

A review of the Northern District website, as well as that of the Southern District reveals the following filings by the Plaintiff. Owens v. Cook County Jail, et al., 01 C 7534; Owens v. Sheahan, et al., 01 C 6579; Owens v. Burgess, 02 C 00942( Southern Dist.); Owens v. Sheahan, et al., 03 C 6410; Owens v. Stateville Correctional Center, et al. 04 C 00852; and Owens v. Sheahan, et al. 05-1702. Of those six (6) lawsuits, three (3) have been dismissed by this Court. One was dismissed as frivolous and a "strike" assessed, one was dismissed for failure to exhaust administrative remedies, and one was dismissed for failure to pay the necessary filing fees. See attached Exhibit 1a and 1b, Owens v. Stateville Correctional Center, et al. 04 C 852, Exhibit 2a and 2b, Owens v. Sheahan, et al. 03 C 6410, and Exhibit 3, Owens v. Sheahan, et al. 05 C 1702.

Lack of good faith or malice may be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. See Horsey v. Asher, 741, F.2d 209, 212 (8th Cir. 1984). The failure of the Plaintiff to name and describe other actions in a Rule 81.1 complaint has formed the basis for dismissal of the action. See Walton v. Fairman, 1993 U.S. Dist. LEXIS 4157, at *11 (N.D. Ill. March 31, 1993). Additionally, the court in Fields v Gilmore, held that where the inmate committed a fraud on the federal judiciary by stating that he had filed only two previous civil cases and seeking and obtaining permission to proceed in forma pauperis without revealing that he had already been held to be covered by "three strikes" provision of Prison Litigation Reform Act of (PLRA), earned a Mack order, which would require the clerk of court to return civil complaints and related pleadings unfiled, without even presenting them to judges, until prisoner's debt to the judicial system had been paid. 145 F. Supp. 2d 961 (C.D. Ill. 2001).

In the present case, the Plaintiff completely ignored the subject portion of the Complaint by omitting any reference to the numerous lawsuits brought by him in the past. Obviously, the

number of the prior complaints makes no doubt that this was not an inadvertent omission. This Complaint, therefore, should be dismissed for the Plaintiff's failure to answer fully and truthfully section (1) of the Complaint pursuant to Local Rule 81.1.

The Defendant respectfully submits that the Plaintiff intentionally deceived the Court when he failed to disclose prior lawsuits as required by Local Rule 81.1 in order to avoid pre-paying the applicable filing fee. Moreover, Defendant submits that, as in <u>Walton</u>, the appropriate sanction for Plaintiff's fraud upon the Court is dismissal of the complaint and the assessment of a second "strike".

WHEREFORE, the Defendant respectfully request that this Honorable Court dismiss Plaintiff's complaint.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: <u>S:/ Jamie M. Sheehan</u>
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, IL 60602
    (312) 603-6772