# EXHIBIT 1A

Case 1:07-cv-06800   Document 26-2   Filed 03/08/2008   Page 1 of 10

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS 0

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 852 | DATE | March 30, 2004 |
| CASE TITLE | Tyrone Owens (B-09385) v. Stateville Correctional Center, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payments to the clerk of court as stated herein. All other pending motions are denied as moot. A copy of this order shall be sent to the trust fund officer at Menard Correctional Center.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 3 1 2004 | | |
| | Notified counsel by telephone. | | date docketed | | 13 |
| X | Docketing to mail notices. | | JXM | | |
| X | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| CLH | courtroom deputy's initials | 2004 MAR 30 PM 2:14 U.S. DISTRICT COURT CLERK | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# EXHIBIT 1B

(Reserved for use by the Court)

# ORDER

The court finds that plaintiff, Tyrone Owens, a prisoner confined at Menard Correctional Center, is unable to prepay the filing fee. The court grants Owens's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $ 3.16 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Owens's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Owens's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where Owens is confined is directed to collect monthly payments from Owens's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Owens's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Owens. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify Owens's name and the case number assigned to this action. The clerk shall send a copy of this order to the trust fund officer at Menard Correctional Center.

In December 2003, Owens was writted from the Menard Correctional Center to the Stateville Correctional Center so that he could give testimony in *Owens v Shehan*, No. 01 C 6579. It is not clear from the complaint how long Owens was housed at Stateville, but it appears that he was there about two weeks. Owens claims that defendant Jones lied to the Magistrate Judge and told him that Owens was being housed in an ADA-approved facility. However, Stateville is not ADA-approved. Owens, who is confined to a wheelchair, slipped and fell a number of times in trying to get from his wheelchair to the toilet and could not shower. Owens claims that he filed grievances about these conditions but that they were destroyed or lost. Owens lodged this complaint on February 3, 2004, and his complaint is dated January 22, 2004. In addition to the defendants at Stateville, Owens also names numerous Menard defendants and complains that Menard is not an ADA-approved facility.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that Owens has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

The Seventh Circuit recently addressed the issue of the procedures a prisoner must follow when using the administrative process and stated:
[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem--or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner.

*Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

The internal administrative grievance system of the Illinois Department of Corrections is set out in the Illinois Administrative Code (20 Ill. Admin. Code § 504). Inmates must follow these procedures: (1) The inmate must first attempt to resolve the situation through his counselor; (2) If the situation remains unresolved, he may file a written grievance 60 days after the discovery of the incident, occurrence, or problem which gives rise to the grievance. Upon completion of an investigation by the grievance officer, the conclusions, and, if necessary, recommendations, are forwarded to the Chief Administrative Officer; (3) If the inmate does not believe the situation is resolved, he may appeal to the Director of the IDOC. The Administrative Review Board as the Director's designee reviews the appeal of the grievance and determines whether a hearing is necessary; (4) The Administrative Review Board forwards its decision and any recommendations to the Director or other designee, who makes a final determination.

Section 504.870 (a)(3) provides that committed persons shall submit grievances directly to the Administrative Review Board when grieving other issues except personal property issues which pertain to a facility other than the facility where the committed person is currently assigned. 20 Ill. Adm. Code 504.870(a)(3) (Amended at 22 Ill. Reg. 1206, effective January 1, 1998). In Owens's particular case, because of the short length of time he was at Stateville, he therefore could have filed a grievance or grievances with the Administrative Review Board after he returned to Menard. Even if Owens filed grievances at Stateville, which he claims were lost or destroyed, he still had plenty of time to use the administrative process on his return to Menard. Instead he lodged this action before the time he could have filed a grievance expired.

As to Owens's claims in regard to the Menard Correctional Center, the court will dismiss these without prejudice to Owens bringing the claims in the Southern District of Illinois, where Menard is located. Owens should be sure and exhaust his administrative remedies before bringing any such action in the Southern District.

This suit is accordingly dismissed without prejudice for failure to exhaust administrative remedies. If after he exhausts his administrative remedies, Owens decides to file another action in regard to these claims, he should consider carefully the merits of his claims. If his claims are found to be frivolous, malicious, or fail to state a claim, the action will be counted as one of Owens's three allotted dismissals under 28 U.S.C. § 1915(g). Owens is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Owens wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. If he does so, he will be liable for the $255 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If this court finds that appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed *in forma pauperis* and pay the fee in installments, but will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3). To avoid a finding that the appeal is not taken in good faith, a motion to proceed *in forma pauperis* on appeal should explain the grounds for the appeal. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999); Fed. R. App. P. 24(a)(1)(C).

# EXHIBIT 2A

Minute Order Form (06/97)

154

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6410 | DATE | September 16, 2003 |
| CASE TITLE | Thomas Labarbra a/k/a Tyrone Owens (#B-09385) vs. Michael Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The plaintiff's motion for leave to proceed in forma pauperis [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the trust fund officer at the Menard Correctional Center. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 17 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 6 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mjm | courtroom deputy's initials | 03 SEP 17 AM 9:40 U.S. DISTRICT COURT CLERK  Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials |

# EXHIBIT 2B

(Reserved for use by the Court)

## ORDER

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by retaliating against him for his grievances, by using unjustified force against him, and by denying him needed medical care for his injuries.

The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $20.83 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's current place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Fiscal Dept., and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state an actionable claim as a matter of law. The plaintiff's claims are time-barred.

The plaintiff alleges that while he was confined at the Cook County Correctional Center, he made "numerous written and oral complaints to superior officers" about certain of the defendants. The plaintiff charges that on June 9, 1999, one of the defendants struck him in the back of his head with a door, and that the other defendants then physically attacked him. The defendants inflicted numerous injuries, including a broken leg; however, they denied the plaintiff access to immediate, needed medical attention for his injuries.

Although the plaintiff's claims are disturbing, he has no viable cause of action in federal court because he waited too long to file suit. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Because the plaintiff waited until September 2003, more than four years after his claims accrued, to initiate this lawsuit, any potential cause of action under 42 U.S.C. § 1983 has expired.

Because this suit is being dismissed as time-barred, the court has no occasion to consider whether this action is also barred by the doctrine of *res judicata* as already having been litigated. The court nevertheless notes that the complaint and accompanying cover letter indicate that the plaintiff previously brought suit in the Cook County Circuit Court based on the same facts; the pleading even appears to incorporate typed pages, evidently drafted by the plaintiff's former lawyer in the prior civil proceeding. If the plaintiff seeks reinstatement based on attorney malpractice, he must do so in state court rather than pursuing a new action in federal court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $105 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

# EXHIBIT 3

Order Form (01/2005)   Case 1:05-cv-01702   Document 7   Filed 05/27/2005   Page 1 of 1   

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1702 | **DATE** | MAY 27 2005 |
| **CASE TITLE** | Tyrone Owens (2005-0010953) v. Sheriff Michael F. Sheahan, et al. | | |

**DOCKET ENTRY TEXT:**

On April 1, 2005, the court ordered plaintiff to either file an *in forma pauperis* application or to pay the full $250 filing fee. Plaintiff has failed to comply with this order. Accordingly, this action is dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b). However, having brought this action, plaintiff remains obligated to pay the full filing fee. See 28 U.S.C. § 1915(b)(1). Nonpayment may affect plaintiff's ability to bring future suits *in forma pauperis*. See *Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996), overruled on other grounds by *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

*James F. Holderman*

Docketing to mail notices.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

Page 1 of 1