# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6800 | **DATE** | March 14, 2008 |
| **CASE TITLE** |  | Tyrone Owens (#2007-0076179) vs. Sheriff Tom Dart, et al. | |

**DOCKET ENTRY TEXT:**

The defendant's motion for judgment on the pleadings [#26] is denied. Defendant Dart is directed to answer or otherwise plead within twenty-one days of the date of this order.

■ [**For further details see text below.**]　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Cook County Sheriff and the Director of the Cook County Jail, have violated the plaintiff's constitutional rights by subjecting him to inhumane and unduly restrictive conditions of confinement and by retaliating against him for his grievances. This matter is before the court for ruling on defendant Dart's motion for judgment on the pleadings. For the reasons stated in this order, the motion is denied.

　　A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analyzed under the same standard applied to Rule 12(b)(6) claims. *Guise v. BWM Mortg., LLC*, 377 F.3d 795 (7th Cir. 2004). A complaint can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). A **(CONTINUED)**

mjm

**STATEMENT (continued)**

Rule 12(c) motion will be granted only if the plaintiff cannot prove any facts to support a claim for relief and the defendants demonstrate that there are no material issues of fact to be resolved. *Brannon v. University of Chicago*, 503 F.3d 623, 628 (7th Cir. 2007); *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718-19 (7th Cir. 2002). In ruling on a 12(c) motion, a district court may take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Winters v. Illinois State Bd. of Elections*, 197 F. Supp. 2d 1110, 1113 (N.D. Ill. 2001) and *United States ex rel. Bidani v. Lewis*, No. 97 C 6502, 2001 WL 1609377, at *4 (N.D. Ill. Dec. 14, 2001) (Hart, J.) (both cases citing *Anderson v. Simon*, 217 F.3d 472, 474 -475 (7th Cir. 2000).

In the case at bar, the defendant moves for judgment on the pleadings based on the plaintiff's failure to disclose all of his prior cases. However, the court finds that the plaintiff's omission is insufficient to justify dismissal of this action.

The court has already addressed this matter. In its Minute Order of December 11, 2007, the court specifically noted the plaintiff's failure to mention five of his seven prior federal lawsuits. *See* Order at pp. 3-4. The court ultimately concluded, nevertheless, that the omissions were harmless because the plaintiff had accumulated only one "strike" under 28 U.S.C. § 1915(g) and was therefore still eligible to proceed *in forma pauperis* in this case. *Id.*, p. 4.

The court has admonished the plaintiff to review all court documents carefully before filing to make sure that they are complete and accurate. *Id.* However, the court remains satisfied that the plaintiff's failure to adhere strictly to the directions on the court's complaint form did not constitute one of the "extreme situations" justifying the "drastic" measure of dismissal. *See, e.g., Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003), *citing GCIU Employer Retirement Fund*, 8 F.3d 1195, 1199 (7th Cir. 2003).

For the foregoing reason, the court denies the defendant's motion for judgment on the pleadings as too harsh a sanction in proportion to the plaintiff's infraction. The defendant is directed to answer or otherwise respond to the complaint within twenty-one days of the date of this order.