UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE OWENS, 2007-0076179 | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6800 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | James F. Holderman |
| SHERIFF TOM DART, and DIRECTOR | ) | |
| JOHN DOE | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

Now comes Defendant Sheriff TOM DART, through his attorney, Richard A. Devine, State's Attorney of Cook County, by his assistant Jamie M. Sheehan, and Replies to Plaintiff's Response as follows:

In his response to defendant's Motion, Plaintiff merely recites in an abbreviated form, the claims raised in his initial Complaint, and does not address the challenges raised by Defendant in his Motion. Additionally, plaintiff makes repeated reference to "the class". It should be noted, however, that no petition for class certification has been filed, thus at this stage of the pleadings, Mr. Owens is the sole plaintiff.

Defendant Dart maintains that plaintiff's allegations not only fail to establish claims against him in either his individual or official capacity, the claims themselves fail entirely to rise to the level of Constitutional violations, thus necessitating dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

1. **PLAINTIFF'S CONDITIONS OF CONFINEMENT ALLEGATIONS FAIL TO RISE TO A CONSTITUTIONAL VIOLATION**

**A. Objective Component To A Finding of An Eight Amendment Violation**

Plaintiff is a pretrial detainee at the Cook County Department of Corrections, thus his conditions of confinement claim is analyzed under the due process clause of the Fourteenth Amendment, which forbids punishment of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 536 (1979).  The standard for analyzing a pretrial detainee's Fourteenth Amendment due process claim is identical to the standard employed to judge a convicted inmate's Eighth Amendment cruel and unusual punishment claim. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 844 n.2 (7th Cir. 1999).  The crucial inquiry in determining if a Fourteenth Amendment violation has occurred is whether the defendants' actions toward the plaintiff constituted punishment. *Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974).  Fact pleading, in contrast to notice pleading, is required in Illinois. *Adkins v. Sarah Bush Lincoln Health Centers*, 129 Ill.2d 497, 518 (1989).

In *Wilson v. Seiter*, 501 U.S. 294, (1991) the United States Supreme Court noted that there is both a subjective and an objective component to a finding of an Eighth Amendment violation. See also *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   The objective component was announced in *Rhodes v. Chapman*, 452 U.S. 337, 101 S. Ct. 2392 (1981), in which the Supreme Court stated that the Constitution "does not mandate comfortable prisons," *Id*. 452 U.S. at 349, and that only those deprivations denying the "minimal civilized measure of life's necessities," are serious enough to involve the Constitution. *Id*. at 347.

**B.  Subjective Component To A Finding of An Eight Amendment Violation**

The subjective component requires the Court to examine the Defendants' state of mind under the deliberate indifference standard. *Wilson*, <u>supra</u>.  The deliberate indifference standard requires a mental state of an intent to punish or criminal recklessness. *Salazar v. City of*

*Chicago*, 940 F.2d 233, 238-239 (7th Cir. 1991).  Mere negligence or even gross negligence does not satisfy the deliberate indifference standard. *Id*. at 238.  A plaintiff must demonstrate that the defendant had actual knowledge of impending harm which he consciously refused to prevent. *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) quoting *Hill v. Shobe*, 93 F.3d 418,421 (7th Cir. 1996).

As a result, the proper inquiry in determining if a Fourteenth Amendment violation has occurred is whether the defendants' actions toward the plaintiff constituted punishment  If the defendants did not intend their actions as punishment, the plaintiff cannot show a constitutional violation. *Powell v. Cook County Jail*, 814 F.Supp 757, 759 (N.D.Ill. 1993).

In the instant case, Plaintiff presents no evidence to suggest that prison officials were intentionally punishing him by reducing/limiting his access to the telephone, or from having his tier placed on lock down, or providing him with shower facilities that he deemed unsanitary.

Nothing in the Constitution mandates that a prison or jail setting be comfortable. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

Furthermore, in *Niehus v. Liberio*, 973 F.2d 526, 531-532 (7th Cir. 1992), the Court held that there is no tort, whether constitutional or ordinary, where there is no injury. Section 1983 defendants cannot be held liable in damages without some showing of injury to the plaintiff.  *Id*.  No injury is alleged here.   In this case, Plaintiff has failed to state any injury that he incurred. Athlete's foot is not an injury.

## II. PLAINTIFF'S CLAIM OF BEING FORCED TO USE A "NASTY" SHOWER,  FAILS TO RISE TO A  CONSTITUTIONAL VIOLATION.

Plaintiff contends that his shower was "nasty", and that as a result of using it, he contracted athlete's foot. These allegations fail to establish a constitutional deprivation envisioned under the Civil Rights Act.

In *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), the plaintiff alleged that he was deprived of toilet paper for 5 days, was not provided soap, toothpaste or a toothbrush for 10 days, and was kept in a filthy roach infested cell. The Seventh Circuit held that such deprivations did not amount to unconstitutional punishment. *Id*., at 1234-1235. *See* also *Stone-El* v. *Sheahan*, 914 F.Supp. 202, 207 (1995).

**WHEREFORE**, Defendant TOM DART, the Sheriff of Cook County, respectfully requests this Honorable Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for such other relief as this Court deems appropriate.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: <u>S:/ Jamie M. Sheehan</u>
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6772